FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 23, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA N., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:23-CV-3056-JAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER |

**BEFORE THE COURT** are Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 10, 14-2. Attorney D. James Tree represents Maria N. (Plaintiff); Special Assistant United States Thomas E. Chandler represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3.

After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . 1

## I.     JURISDICTION

Plaintiff filed an application for a period of disability and disability insurance benefits on January 26, 2015, and an application for supplemental security income on March 22, 2017, alleging disability since January 26, 2015. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) M.J. Adams held a hearing on December 18, 2019, and issued an unfavorable decision on March 10, 2020. Tr. 18-36. This Court subsequently remanded the matter on October 6, 2021. Tr. 2472-78. ALJ C. Howard Prinsloo held a second hearing on January 24, 2023, and issued a partially favorable decision on February 8, 2023. Tr. 2380-2401. Plaintiff appealed this final decision of the Commissioner on April 25, 2023. ECF No. 1.

## II.     STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### IV.    ADMINISTRATIVE FINDINGS

On February 8, 2023, the ALJ issued a decision finding Plaintiff disabled as of December 18, 2018, but not disabled at any time through March 31, 2017, the date last insured. Tr. 2380-2401.

At *step one*, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 2384.

At *step two*, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, right shoulder disorder, obesity, and fibromyalgia. Tr. 2384.

At *step three*, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 2386-87.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined that, as relevant here,[1] prior to December 18, 2018, Plaintiff could perform light work subject to the following additional limitations: she could occasionally stoop; frequently climb, balance, kneel, crouch, and crawl; and could have no concentrated exposure to vibration. Tr. 2388.

At *step four*, the ALJ found Plaintiff could perform past relevant work as an order clerk, receptionist, agricultural sorter, and registration clerk. Tr. 2399.

The ALJ thus concluded Plaintiff was not disabled at any time through March 31, 2017, the date last insured. Tr. 30.

### V.    ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ improperly evaluated the medical opinion evidence; (B) whether the ALJ erred by

---

[1] The Court's recitation of the ALJ's decision omits the ALJ's findings concerning the period beginning December 18, 2018, *i.e.*, the date on which the ALJ concluded Plaintiff became disabled.

ORDER GRANTING PLAINTIFF'S MOTION . . . 4

discounting Plaintiff's testimony; (C) whether the ALJ erred at step one; and (D) whether the ALJ erred by failing to include manipulative limitations in the RFC. ECF No. 10 at 2.

## VI.    DISCUSSION

### A.    Medical Evidence.

Because Plaintiff filed her application before March 27, 2017, the ALJ was required to generally give a treating doctor's opinion greater weight than an examining doctor's opinion, and an examining doctor's opinion greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). "Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original). An ALJ may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion. *Id*. An ALJ may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citations omitted). Plaintiff argues the ALJ misevaluated five medical opinions. ECF No. 10 at 13-19. The Court addresses each in turn.

### 1.    *Corinna Michels, ARNP.*

The ALJ found ARNP Michels, one of Plaintiff's treating clinicians, opined, among other things, Plaintiff had "marked limitations in sitting, standing, walking, lifting, carrying, handling, pushing, pulling, reaching, stooping, and crouching due to fibromyalgia and lumbago and stenosis with sciatica," and "could perform sedentary work." Tr. 2395. The ALJ accorded her opinions "little weight." Tr. 2395.

ORDER GRANTING PLAINTIFF'S MOTION . . . 5

The ALJ first discounted the opinions on the ground "physical examination findings documented in her treatment notes were often normal, including on the day she rendered these opinions." Tr. 2395.  Considering Plaintiff's fibromyalgia, this finding is legally erroneous.  The Ninth Circuit has held that "[i]n evaluating whether a claimant's residual functional capacity renders them disabled because of fibromyalgia, the medical evidence must be construed in light of fibromyalgia's unique symptoms and diagnostic methods … The failure to do so is error." *Revels*, 874 F.3d at 662.  *Revels* instructs that "mostly normal results" of objective tests "are perfectly consistent with debilitating fibromyalgia." *Id*. at 666.  Indeed, in the context of a fibromyalgia claimant, an ALJ's citation to "normal muscle strength, tone, and stability, as well as a normal range of motion" is "erroneous." *Id.*; *see id.* at 663 ("A person with fibromyalgia may have muscle strength, sensory functions and reflexes that are normal.") (cleaned up).  The ALJ thus erred by discounting the opinions on this ground.

The ALJ next discounted the opinions on the ground "these limitations appear to rely heavily on the claimant's subjective complaints." Tr. 2395.  Again, considering Plaintiff's fibromyalgia, this finding is legally erroneous.  The Ninth Circuit has made clear that fibromyalgia is evaluated "entirely on the basis of patients' reports of pain and other symptoms." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).  Further, the record indicates the opinions were based on clinical observations and does not indicate ARNP Michels found Plaintiff to be untruthful.  Therefore, this is no evidentiary basis for rejecting the opinion. *Cf. Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008) (noting an ALJ does not validly reject a doctor's opinion "by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations").  The ALJ thus erred by discounting the opinions on this ground.

Finally, the ALJ discounted the opinions as inconsistent with "other evidence in the file, including the longitudinal treatment record, imaging studies, and physical examination findings noted by other medical providers[.]" Tr. 2395. This reasoning is legally erroneous. An ALJ's rejection of a clinician's opinion on the ground that it is contrary to largely unspecified or unelaborated evidence in the record, as here, is "broad and vague," and fails "to specify why the ALJ felt the [clinician's] opinion was flawed." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating their conclusions, ALJs "must set forth [their] own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th. Cir. 1988)). It is not the job of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). The ALJ thus erred by discounting the opinions on this ground.

The ALJ accordingly erred by discounting these opinions.

2.      *Myrna Palasi, M.D.*

The ALJ found Dr. Palasi, who reviewed Plaintiff's records, opined "that the severity of the claimant's conditions rendered her unable to sustain a forty-hour workweek, noting that the claimant had generalized weakness of the lower extremities and tender points and recommending less than sedentary residual functional capacity due to fibromyalgia." Tr. 2395. The ALJ accorded this opinion "little weight." Tr. 2395.

The ALJ first discounted the opinion on the ground Plaintiff, at times, exhibited "fair or good strength." Tr. 2395. As discussed above, this finding is legally erroneous. The ALJ thus erred by discounting the opinion on this ground.

The ALJ next discounted the opinion on the ground there was "evidence in the file to suggest symptom magnification and poor effort." Tr. 2395. In support

of this finding, the ALJ cited two pages of medical evidence without explaining their significance or how they undermined Dr. Palasi's assessment. Tr. 2395 (citing Tr. 559 and Tr. 1415). As an initial matter, this was error. *See Reddick*, 157 F.3d at 725 (citing *Embrey*, 849 F.2d at 421-22). Further, the evidence cited does not support the ALJ's conclusion. The first piece of evidence upon which the ALJ relied reflects a misunderstanding of fibromyalgia: "There are *no objective findings* on her examination today, and certainly appears that subjective complaints are out of proportion as she has *no objective findings* on her examination, and she does show signs of symptom magnification and exaggeration during her examination today." Tr. 559 (emphases added); *see Revels*, 874 F.3d at 666; *Benecke*, 379 F.3d at 590. The second piece of evidence stated only that Plaintiff "was not putting any effort with foot extension and dorsiflexion and plantar flexion," Tr. 1415, tests wholly unrelated to Plaintiff's fibromyalgia. The ALJ's "paraphrasing of record material is not entirely accurate regarding the content or tone of the record." *Reddick*, 157 F.3d at 722-23. The ALJ thus erred by discounting the opinion on this ground.

Finally, the ALJ discounted the opinion on the ground that "although the claimant exhibited 18/18 positive tender points in August 2016, there were no subsequent exams to establish this maximum number of tender points persisted thereafter." Tr. 2395. It is not apparent how this undermines Dr. Palasi's opinion. Indeed, the ALJ expressly found Plaintiff's fibromyalgia to be a "severe" impairment. Tr. 2384. In defense of the ALJ's decision, the Commissioner contends, without elaboration, that "the apparent lack of need for follow-up or regular testing is an area of discussion well within the parameters of an ALJ's analysis." ECF No. 14-2 at 12. As Plaintiff correctly notes, ECF No. 16 at 7, this is an improper post hoc argument. The Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not post hoc

ORDER GRANTING PLAINTIFF'S MOTION . . . 8

rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing, *inter alia*, *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases…")). The ALJ thus erred by discounting the opinion on this ground.

The ALJ accordingly erred by discounting the opinion.

### 3.    *Desiree Ang, ARNP.*

The ALJ found that ARNP Ang, another of Plaintiff's treating clinicians, opined, among other things, that Plaintiff "had marked limitations in sitting, standing, walking, lifting, carrying, handling, pushing, pulling reaching, stooping, and crouching," and "was limited to sedentary work." Tr. 2398. The ALJ accorded this opinion "little weight." Tr. 2398.

The ALJ first discounted the opinion on the ground "such significant limitations are not supported by her treatment notes." Tr. 2398. The ALJ offered no elaboration on this score – other than citing to a 306-page exhibit. This was error. *See Garrison*, 759 F.3d at 1012-13 (an ALJ may not reject a medical opinion "with boilerplate language that fails to offer a substantive basis for" the ALJ's conclusion) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *Burrell*, 775 F.3d at 1138. The ALJ thus erred by discounting the opinion on this ground.

The ALJ next discounted the opinion on a ground used to discount the opinions of ARNP Michel and Dr. Palasi – that the opinion is inconsistent with unspecified or unelaborated "other evidence" in the record. Tr. 2398. For the reasons discussed above, the ALJ erred by discounting the opinion on this ground.

Finally, the ALJ discounted the opinion on the ground "there was again some evidence of symptom magnification during this period," citing one treatment

ORDER GRANTING PLAINTIFF'S MOTION . . . 9

note from June 4, 2019.  Tr. 2398 (citing Tr. 1718).  The Commissioner effectively declined this defend this finding and the Court is unable to discern substantial evidence necessary to sustain it.  The ALJ thus erred by discounting the opinion on this ground.

The ALJ accordingly erred by discounting the opinion.

### 4. *Judith Harvey, M.D.*

The ALJ found Dr. Harvey, another treating clinician, "had to lay down four to five times a day for ten minutes; could not focus more than ten to fifteen minutes; would miss four or more days of work per month; and was unable to meet the demands of full-time sedentary work."  Tr. 2398.  The ALJ accorded this opinion "little weight."  Tr. 2398.

The ALJ discounted the opinion on grounds used to discount the opinions of ARNP Michel, Dr. Palasi, and ARNP Ang – that the opinion is unsupported by treatment notes, relies on Plaintiff's subjective complaints, is inconsistent with unspecified and unelaborated "other objective evidence," and is undermined by "some evidence of symptom magnification during this period."  Tr. 2398.  For the reasons discussed above, the ALJ erred by discounting the opinion on this ground.

The ALJ accordingly erred by discounting the opinion.

### 5. *Gordon Hale, M.D.*

The ALJ afforded "great weight" to Dr. Hale's opinion, at the reconsideration level, that Plaintiff "could lift and/or carry up to twenty pounds occasionally and ten pounds frequently; stand and/or walk for a total of six hours in an eight-hour workday; sit for a total of about six hours in an eight-hour workday; push and/or pull as much as she could lift and/or carry; frequently climb ramps and stairs; frequently climb ladders, ropes, or scaffolds; frequently balance, kneel, crouch, and crawl; occasionally stoop; and must avoid concentrated exposure to vibration."  Tr. 2394.  Although the ALJ was not required to provide

reasons in support of incorporating a medical opinion into the residual functional capacity determination, *see Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010), because the ALJ erred by discounting the medical opinions discussed above, the ALJ must also reassess this opinion anew on remand.

B.     **Plaintiff's Testimony.**

Plaintiff contends the ALJ erroneously discounted her testimony. ECF No. 10 at 7-13. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr. 2392-93. However, because the ALJ erred in assessing medical opinions, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ also discounted Plaintiff's testimony as inconsistent with her "routine and conservative treatment." Tr. 2392. Substantial evidence does not support this finding. The ALJ's finding fails to sufficiently explain *how* this is a reasonable inconsistency. Indeed, the ALJ explicitly – and contradictorily – noted Plaintiff "tried different medications for her fibromyalgia without relief of her symptoms." Tr. 2392. Moreover, and relatedly, it is well-settled that there is "no cure" for fibromyalgia. *Benecke*, 379 F.3d at 590. The ALJ thus erred by discounting Plaintiff's testimony on this ground.

The ALJ accordingly erred by discounting Plaintiff's testimony.

ORDER GRANTING PLAINTIFF'S MOTION . . . 11

## VII.  CONCLUSION

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony.  Plaintiff contends the Court should remand for an immediate award of benefits.  Such a remand should be granted only in a rare case and this is not such a case.  The medical evidence and Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal.  Further proceedings are thus not only helpful but necessary.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Because the ALJ misevaluated the medical evidence and Plaintiff's testimony, the ALJ will necessarily need to determine whether the RFC needs to be adjusted.  For this reason, the Court need not reach Plaintiff's assignment of error concerning the RFC.  *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).  Further, because this case is remanded on multiple, independent bases, the Court assumes without deciding the ALJ erred at step one and accordingly instructs the ALJ to clarify the seemingly internally-inconsistent step one finding on remand.

On remand, the ALJ shall reevaluate the medical opinions addressed herein; reassess Plaintiff's testimony; revisit whether Plaintiff engaged in an unsuccessful work attempt at step one; and complete the remaining steps as appropriate.

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse, **ECF No. 10**, is **GRANTED**.

2. Defendant's motion to affirm, **ECF No. 14-2**, is **DENIED**.

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED September 23, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE